# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 23-30915
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Recardo Cartrell Pierce,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-180-1

―――――――――――――――――――――――

Before Southwick, Graves, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Recardo Cartrell Pierce appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and his sentence of 93 months of imprisonment. He argues that the evidence at trial was insufficient to support his conviction. Because Pierce preserved this issue for appeal, our review is *de novo*, "with substantial deference to the jury

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

verdict." *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (citation omitted). In other words, we review "the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Brannan*, 98 F.4th 636, 638 (5th Cir. 2024) (quotation marks and citation omitted).

Pierce challenges the sufficiency of the evidence only as to the element of knowing possession of the firearm. Such possession may be constructive, as reflected by dominion or control over the firearm. *United States v. Fields*, 977 F.3d 358, 365–66 (5th Cir. 2020). We conclude that, when viewed in the light most favorable to the verdict, the trial evidence was sufficient to permit a rational jury to find beyond a reasonable doubt that Pierce constructively possessed the firearm and that he did so knowingly. *See Robinson*, 87 F.4th at 669; *Fields*, 977 F.3d at 365–66.

Pierce also argues the district court erred when it enhanced his sentence under U.S.S.G. § 3C1.1 for obstruction of justice. Because Pierce preserved his challenge to the enhancement, we review the district court's finding on this issue for clear error. *United States v. Zamora-Salazar*, 860 F.3d 826, 836 (5th Cir. 2017). Here, the district court found that Pierce attempted to entice a witness to sign a false affidavit claiming that the firearm was hers. This finding was plausible in light of the record as a whole, including the jail phone calls and the jury's verdict. *See id.*

Finally, Pierce argues for the first time on appeal that Section 922(g)(1) violates the Second Amendment based on the test set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). However, his unpreserved *Bruen* challenge is foreclosed. *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

AFFIRMED.